UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANCY E. BEALS,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>    Defendant. | Case No. C15-1801 BHS-BAT<br><br>**REPORT AND RECOMMENDATION** |

  Plaintiff Nancy Beals has cared for her son, who has Down Syndrome, for his entire life, ultimately receiving payment from the state for providing care at home rather than in a facility. Although the Social Security Administration awarded Ms. Beals disability benefits in 2001, it terminated benefits retrospectively in 2005 based on the substantial gainful activity ("SGA") of providing care for her son, leading to appeals that resulted in a fully favorable 2010 ALJ decision concluding that her paid caregiving did *not* constitute SGA and that she *is* disabled because her mental impairments meet the listings for cognitive disorder (§ 12.02) and bipolar disorder (§ 12.04). Tr. 35–39; *see* 20 C.F.R. Part 404, subp. P., appx. 1. Eighteen months later, the SSA again sought to terminate benefits retrospectively and, in late-2013, issued an unfavorable ALJ decision affirming termination of benefits based on the SGA of Ms. Beals providing care for her

REPORT AND RECOMMENDATION - 1

son. Tr. 15–20. This appeal followed. The Court finds that the Commissioner has failed to produce evidence sufficient to rebut the presumption of continuing disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007); *Bellamy v. Sec'y of Health & Human Servs.*, 755 F.2d 1380, 1381 (9th Cir. 1985); *see* 42 U.S.C. § 423(f); 20 C.F.R. § 404.1594(a). The Court recommends **REVERSING** the Commissioner's decision and **REMANDING** for an award of benefits.

## BACKGROUND

Ms. Beals may suspect she is being forced to relive a bureaucratic nightmare again and again until she gives up on receiving disability benefits. Although Ms. Beals received disability benefits since 2001 while also being paid by the state for services performed as a caretaker for her disabled adult son, the SSA terminated her disability benefits in 2005 (and sought to recover overpayment of benefits since 2001) because that caregiving constituted SGA. *See* Tr. 24. Ms. Beals appealed that decision without representation and, in March 2008, ALJ M.J. Adams found her caregiving constituted SGA because her earnings exceeded the regulatory threshold and she was therefore not disabled. Tr. 24–28.

In December 2009, the Appeals Council reversed because ALJ Adams had not considered information in 20 C.F.R. § 404.1573 that might demonstrate Ms. Beals's caretaking was not SGA despite her earnings, "including whether the claimant worked under special conditions, such as being able to work because of specially arranged circumstances or being given the opportunity to work because of a family relationship." Tr. 151. On remand, the Appeals Council directed ALJ Adams to obtain information from Ms. Beals and the Washington State Department of Social and Health Services "regarding her job duties and any special considerations she received in her employment as a caretaker for her adult son in order to evaluate whether her earnings represented substantial gainful activity." Tr. 152. If her work

activity was found to be not SGA, the Appeals Council directed ALJ Adams to proceed with an evaluation of Ms. Beals's impairments in accordance with the sequential evaluation process. *Id.*

In his second decision, in July 2010 ALJ Adams followed the scope of the remand by determining, in a single sentence, that Ms. Beals's "work activity did not rise to the level of substantial gainful activity." Tr. 37. In doing so, he cited exhibits 11, 13, and 45. *Id.* Exhibit 11 was "Earnings for yrs '01 to '04," and exhibit 13 was "DEQY Query [Detailed Earnings Query]" for 2006 to 2009, both of which demonstrate that Ms. Beals's earnings regularly exceeded the presumptive SGA dollar thresholds. Tr. 40–42; Tr. 114–17; Tr. 140–42. ALJ Adams also cited to Exhibit 45, "Pre-Hearing Brief from Melinda Iwen." Tr. 37, 243–48. In that brief, counsel specifically addressed the Appeals Council's remand order by arguing that Ms. Beals's work was done under special conditions and, in particular, she had the opportunity to work as a caretaker despite her impairments only based on a familial relationship with her son. Tr. 244–45. ALJ Adams then proceeded to determine that Ms. Beals's mental impairments met the criteria for two listed impairments and found her to be disabled. Tr. 37–39. After five years of administrative battling, Ms. Beals was awarded benefits for the entirety of her covered period based on a disability onset date of November 22, 2000, and a disability application date of July 12, 2001. Tr. 39.

Thus began the *Groundhog Day* portion of the procedural history. In February 2012, the agency began proceedings to terminate her disability benefits and sought repayment for all benefits paid since early-2011. Tr. 61–67. In December 2013, ALJ Tom Morris applied the eight-step evaluation process[1] to determine whether Ms. Beals continued to be disabled and stopped at

---

[1] To determine if a claimant continues to be disabled, an ALJ conducts an eight-step inquiry for a disability claim, determining: (1) whether the claimant is engaging in SGA; (2) whether the claimant has an impairment or combination of impairments which meet the criteria of a listed

REPORT AND RECOMMENDATION - 3

step 1, i.e., he found she was engaging in SGA and was therefore no longer disabled. Tr. 15–20. ALJ Morris revisited the SGA question posed to ALJ Adams by the Appeals Council but responded differently and expansively. ALJ Morris found that no special conditions exempted Ms. Beals's work from SGA because (1) her earnings exceeded the regulatory threshold; (2) it wasn't a family relationship that allowed her to perform the job as her son's caretaker because her "true" employer is the state DSHS;[2] and (3) even though her testimony reflected numerous accommodations that allowed her to take rest breaks that no traditional employer would allow, there was no evidence that it was the "state" that gave her special accommodations or the "state" that hired her solely due to her status as her son's mother.[3] Tr. 18–19. ALJ Morris swatted away counsel's argument about the res judicata effect of ALJ Adams's fully favorable decision by reasoning (1) although ALJ Adams found that Ms. Beals's work did not constitute SGA, because ALJ Adams did not engage in a discussion of "special conditions," ALJ Morris could come to a different conclusion about SGA based on alternative reasoning; and (2) because ALJ Adams issued his decision six months before the period at issue, the passage of time constituted changed circumstances that render res judicata and collateral estoppel inapplicable.[4] Tr. 20.

---

impairment; (3) whether medical improvement has occurred; (4) whether medical improvement is related to the claimant's ability to work; (5) whether an exception to medical improvement applies; (6) whether all the current impairments in combination are severe; (7) what claimant's residual functional capacity is and whether claimant can perform past relevant work; and (8) whether other work exists in significant numbers that the claimant can perform. 20 C.F.R. § 404.1594.

[2] It is worth noting that state law and regulations provide that although the state pays Ms. Beals for her work as a caretaker, it is her son, as the functionally disabled person, who has the responsibility for employing and dismissing her and for maintaining an employer/employee relationship. *See* RCW 74.39.050(f); WAC 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.

[3] There is also no evidence that the state found her as qualified as other, third-party care providers and no evidence that Ms. Beals could work in the absence of accommodations. Quite to the contrary, she meets the criteria for two listed mental impairments.

[4] ALJ Morris's presumption that the passage of time would constitute changed circumstances that render the doctrines of res judicata and collateral estoppel inapplicable would necessitate the

**DISCUSSION**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. *Schneider v. Comm'r of the SSA*, 223 F.3d 968, 973 (9th Cir. 2000). Ms. Beals contends that ALJ Morris harmfully erred by (1) failing to give preclusive effect to ALJ Adams's fully favorable decision as required by the principles of res judicata enunciated in *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988); and (2) misapplying the provisions of 20 C.F.R. § 404.1573(c) about "special conditions" to determine that her work as caretaker for her disabled, adult son constituted SGA. Because ALJ Morris committed more fundamental legal and evidentiary errors, the Court finds it unnecessary to extend *Chavez*, which applies principles of administrative res judicata to prior findings of *non-disability*, to ALJ Adams's prior finding of *disability*, and to examine whether ALJ Morris misapplied 20 C.F.R. § 404.1573(c). Instead, the Court finds that ALJ Morris harmfully applied the wrong legal standards by declining to hold the Commissioner to her duty to produce evidence sufficient to rebut the presumption of continuing disability. Because the record demonstrates that no such evidence exists, the Court recommends reversing and remanding for an award of benefits.

It is a well-established principle within the Ninth Circuit that once an applicant for disability benefits has carried her burden of proving a disability, "a presumption of continuing disability arises in her favor." *Bellamy v. Sec'y of Health & Human Servs.*, 755 F.2d 1380, 1381 (9th Cir. 1985) (citing *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983)); *see Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007) (same); *Perry v. Heckler*, 722 F.2d 461, 464 (9th Cir. 1983) (same). The presumption of continuing disability shifts the burden of production to the

---

elimination altogether of res judicata and collateral estoppel as doctrines that preclude relitigation of finally adjudicated claims or issues. *See* Black's Law Dictionary (10th ed. 2014).

REPORT AND RECOMMENDATION - 5

Commissioner to produce evidence sufficient to rebut the presumption. *Bellamy*, 755 F.2d at 1381; *Murray*, 722 F.2d at 500; *Strengberg v. Colvin*, 2016 WL 2349092, at *5 (C.D. Cal. May 3, 2016); *Villarino v. Astrue*, 2013 WL 441748, at *2 (W.D. Wash. Jan. 14, 2013); *Hanna v. Astrue*, 2012 WL 966174, at *7 (W.D. Wash. Jan. 23, 2012); *Bower v. Astrue*, 2011 WL 5057054, at *4 (W.D. Wash. Oct. 3, 2011); *see also Medina v. Colvin*, 2015 WL 5448498, at *9 (N.D. Cal. Aug. 21, 2015) (examining the development of Ninth Circuit law on the issue of the presumption of continuing disability, concluding that the presumption remains good law, and applying it); *Palacios v. Astrue*, 2012 WL 601874, at *1 (C.D. Cal. Feb. 23, 2012) (noting that the claimant retains the burden of *persuasion*, but that the presumption of continuing disability shifts the burden of *production* to the Commissioner). In order to decide whether a claimant's disability has continued, the Commissioner must determine if there has been medical improvement in the claimant's impairments and, if so, whether this medical improvement is related to the claimant's ability to work. 42 U.S.C. § 423(f); 20 C.F.R. § 404.1594(a). Even where medical improvement related to the claimant's ability to work has occurred, the Commissioner must show that the claimant is currently able to engage in SGA before finding that the claimant is no longer disabled. 42 U.S.C. § 423(f); 20 C.F.R. § 404.1594(a).

     ALJ Morris did not acknowledge the presumption of Ms. Beals's continuing disability and did not hold the Commissioner to her burden to produce evidence sufficient to rebut the presumption. Nonetheless, the record is complete and demonstrates that the Commissioner has not produced evidence sufficient to rebut the presumption of continuing disability. No evidence suggests that Ms. Beals showed medical improvement. The evidence does not indicate that Ms. Beals's job changed or that her job responsibilities increased such that she is now performing SGA when she clearly was not before. The Commissioner merely points to new earnings records

REPORT AND RECOMMENDATION - 6

and argues that the same job duties deemed to be not SGA in a final binding decision should now constitute SGA. That is legal argumentation, not evidence. Ms. Beals should be awarded benefits based on the unrebutted presumption of continuing disability.

The Court declines to determine whether the principles of *Chavez* administrative res judicata, which apply to prior determinations of *non-disability*, should be applied here, to a prior determination of *disability*. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) ("[Plaintiff] has cited no authority extending the principles of *Chavez*, which applied preclusive effect to a prior finding of non-disability, to the present context, an attempt to apply that same presumption to a prior finding of disability."). Nonetheless, the Court notes that, according to statute and case law, res judicata precludes both the Commissioner and Ms. Beals from challenging ALJ Adams's final 2010 decision that for the adjudicated period Ms. Beals was *not* engaged in SGA and *was* disabled. *See, e.g.*, 42 U.S.C. § 405(h) ("The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing."); *Miller v. Heckler*, 770 F.2d 845, 848 (9th Cir. 1985) ("ALJ Rosenberg found that Miller was disabled between September 1976 and January 19, 1979, but that Miller was not disabled as of January 19, 1979. Pursuant to 42 U.S.C. § 405(h), those findings are now binding on both Miller and the Secretary under res judicata.").

The Court also need not address the parties' legal argumentation about whether ALJ Morris misapplied 20 C.F.R. § 404.1573(c) to conclude that Ms. Beals's caretaking work was not undertaken under "special conditions" and therefore constituted SGA. ALJ Morris harmfully applied the wrong legal standard by declining to presume continuing disability and by relieving the Commissioner of her burden of production. ALJ Morris's decision is invalid *ab initio* because the Commissioner produced insufficient evidence to warrant examining substantively

REPORT AND RECOMMENDATION - 7

whether Ms. Beals is no longer disabled.

The Court does not imply that the Commissioner lacks statutory and regulatory authority to examine whether Ms. Beals remains eligible for benefits for any period after ALJ Adams's July 2010 decision. When disability benefits are awarded, the Commissioner is required and authorized to periodically review the recipient's continuing eligibility for such benefits, which may be terminated if "the physical or mental impairment on the basis of which such benefits are provided has ceased, does not exist, or is not disabling . . . ." 42 U.S.C. § 423(f). As the Commissioner demonstrated by hauling Ms. Beals through additional years of legal proceedings, if the Commissioner determines that a recipient was paid benefits to which she was not entitled, the Commissioner may seek recovery of overpayment. *See* 42 U.S.C. § 404(b). There is, however, a difference between having the *authority* to wreak administrative havoc upon a recipient's life and having a *legal justification* for doing so. Where a claimant is found eligible for disability benefits on the basis of a decision by an ALJ, the Appeals Council, "or a Federal court," the Commissioner "will not conduct a continuing disability review earlier than 3 years after that decision unless [the] case should be scheduled for a medical improvement expected or vocational reexamination diary review or a question of continuing disability is raised pursuant to paragraph (b) of this section." 20 C.F.R. § 404.1590(f). Here, the Commissioner cannot in good faith suggest that paragraph (b), which permits immediate review based on a report of substantial earnings, triggered an extraordinarily rapid continuing disability review. In his fully favorable decision, ALJ Adams considered nearly a decade of records showing substantial earnings and found no SGA. Since that time, Ms. Beals continued to do what she was doing before: serving as caretaker for her disabled son. It was neither reasonable nor just for the Commissioner to conduct a continuing disability review merely because she disagreed with her own final binding decision.

REPORT AND RECOMMENDATION - 8

**CONCLUSION**

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for an award of benefits

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **June 10, 2016.** If no objections are filed, the Clerk shall note the matter for June 10, 2016, as ready for the Court's consideration. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 27th day of May, 2016.

BRIAN A. TSUCHIDA
United States Magistrate Judge